CATHERINE CORTEZ MASTO
Attorney General
SUSAN E. LEE
Deputy Attorney General
Nevada Bar No. 7420
Bureau of Litigation
100 No. Carson St.
Carson City, NV  89701-4717
Tel: 775-684-1264

*Attorneys for Defendants*
*Travis Bennett, Bruce Harkreader,*
*Valaree Olivas, and Kirk Widmar*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS V. MAESTAS,<br><br>        Plaintiff,<br><br>v.<br><br>LEGRAND, et al.<br><br>        Defendants. | Case No. 3:10-cv-00585-HDM-VPC<br><br>**MOTION TO DISMISS** |

Defendants Travis Bennett, Bruce Harkreader, Valaree Olivas, and Kirk Widmar, by and through their attorneys, Catherine Cortez Masto, Attorney General for the State of Nevada, and Susan E. Lee Deputy Attorney General, move for partial dismissal of this matter for failure to exhaust administrative remedies.  This Motion is made pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b); it is based upon the following Memorandum of Points and Authorities, and all of the documents and pleadings on file in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  NATURE OF THE MOTION**

Some of Plaintiff's claims which survived screening are barred because he failed to exhaust administrative remedies as required by § 1997e(a).

/ / /

/ / /

## II. BRIEF STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). Defendants are employees or former employees of the NDOC. Pursuant to this Court's Order, the claims which survived screening are: Count I against Defendant Bennett; Count II against Defendants Harkreader, Widmar and DeGoyler;[1] Count IV against Defendants Olivas, Widmar, Harkreader, DeGoyler and Bennett; Count V against Defendant Widmar; Count VI against Defendant Widmar; Count VII against Defendant Widmar; and Count VIII against Defendant Widmar. #12,[2] p.11.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)

Failure to exhaust nonjudicial remedies is a matter of abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). This is so because while a motion for summary judgment is decided on the merits, dismissal for failure to exhaust administrative remedies is not. *Id.* (citations omitted). Nevertheless, "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings . . .." *Id.* at 1119-1120.

### B. 42 USCA § 1997e(a)

Plaintiff has brought suit against Defendants pursuant to 42 USCA § 1983 for alleged violations of Plaintiff's constitutional rights. In order to bring a lawsuit pursuant to Section 1983, an incarcerated person must comply with the Prison Litigation Reform Act (PLRA). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USCA § 1997e(a). The administrative remedy must be exhausted *prior to* the filing of the civil action. *See McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002).

/ / /

---

[1] The Attorney General's Office has not accepted service for Cody DeGoyler.

[2] This number references the Court's docket number.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

"There is no question that exhaustion is mandatory under the PLRA." *Bock v. Jones*, 549 U.S. 199, 199-200 (2007) (*citing Porter v. Nussle*, 534 U.S. 516, 524 (2002)). In order to satisfy the exhaustion requirement of the PLRA, "*proper* exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (emphasis added). "Proper exhaustion *demands* compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (emphasis added). It is the prison's own grievance process, not the PLRA, which determines what requirements must be met in order to satisfy the PLRA exhaustion requirement. *See Griffin v. Arapio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (*citing Jones v. Bock*, 549 U.S. 119, 218 (2007)). One of the main purposes of exhaustion is to give "an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.'" *Woodford*, 548 U.S. at 89 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

## IV.  DISCUSSION

The administrative remedies available to an inmate in the custody of NDOC are governed by Administrative Regulation (AR) 740. *See* Exhibit A. AR 740 defines a grievance as "A written complaint consisting of one claim, issue, circumstance or action considered by the inmate to be injurious or unjust, and which is addressable as outlined in this regulation." Exhibit A, pp. 3, 47.

Pursuant to AR 740 the grievance process has three levels or review: informal, level one and level two. *See* Exhibit A, pp. 10, 40-45. At the informal level, for issues other than torts, a grievance must be filed within six (6) calendar months. *See* Exhibit A, pp. 13, 43. If an inmate disagrees with the response to the informal grievance, he has five (5) calendar days to appeal to the next level. *See* Exhibit A, pp. 12, 44. If an inmate does not receive a response within the required timeframe, he may proceed to the next level. *See* Exhibit A, pp. 13, 41. If an inmate submits a grievance that is improper for any reason, pursuant to the regulation he is not given additional time to re-submit the grievance, and failure to re-submit the grievance in the proper form within the proscribed time frame constitutes abandonment. Exhibit A, pp. 7, 41.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

### A. Count I

As an initial matter, Defendants note that in his Second Amended Complaint, Plaintiff asserts that grievance number 20062896604 filed on April 15, 2010 satisfies the exhaustion requirement for all of his claims. #13, p. 21. In Count I Plaintiff alleges that between September 24, 2009 and December 23, 2009, Defendant Bennett retaliated against him for filing a grievance against him. #13, p. 7-8; #12, p. 4. Specifically, Plaintiff contends that "after he filed a grievance against Bennett, defendant Bennett then retaliated by issuing a disciplinary charge against plaintiff and interfering with his receipt of a package." #12, p.4. The grievance which Plaintiff alleges caused the retaliation is #20062882885, which addressed an issue which occurred on September 24, 2009. *See* Exhibit B, p. 31; Exhibit C. The alleged retaliation occurred between September 24, 2009 and December 23, 2009 according to Plaintiff's Complaint, and on October 16, 2009 according to a grievance Plaintiff subsequently submitted to prison officials. *See* #13, p. 7-8; #12, p. 4; Exhibit B, p. 29.

Grievance #20062896604 cannot satisfy the exhaustion requirement for Count I for at least two reasons. First, pursuant to AR 740 Plaintiff had six (6) months the date of the alleged retaliation to file a timely grievance. Exhibit A, pp. 13, 43. By any date alleged by Plaintiff, this grievance is untimely and therefore improper. *See Woodford*, 548 U.S. at 90-91. Second, the grievance does not address the issue of Defendant Bennett's alleged retaliation, therefore, it does not "'provide enough information to . . . allow prison officials to take appropriate responsive measures'" regarding this claim. *See Griffin*, 557 F.3d at 1120-1121, quoting *Johnson v. Testman*, 385 F.3d 691, 697 (2nd Cir. 2004).[3] In order to properly exhaust this claim Plaintiff must have given NDOC "'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,'" by properly filing and exhausting this claim. See *Woodford*, 548 U.S. at 89 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Grievance #20062882885 does not give prison officials notice of Plaintiff's allegation that Defendant Bennett retaliated against him for the grievance filed October 21, 2009.

---

[3] "A grievance need not include legal terminology or legal theories" or "every fact necessary to prove each element of an eventual legal claim." *Griffin*, 557 F.3d at 1120. Nevertheless, it must contain enough factual information to provide notice to prison staff of a particular problem and facilitate its resolution. *Id.*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

Moreover, a review of Plaintiff's grievance history shows that the only proper grievance which can reasonably be construed to address this incident was Grievance #20062884437. Exhibit B, p. 29; Exhibit D.  Grievance #20062884437 alleged retaliation by Defendant Bennett, in the form of "2 misconduct reports."  The grievance does not allege any retaliation in the form of "interfering with the receipt of a package."  Exhibit B, p. 29; #12, p.4; Exhibit D.  Therefore, to the extent Count I alleges retaliation by interference with a package, it must be dismissed for failure to exhaust pursuant to the PLRA.

B.     Count II

In Count II Plaintiff alleges that "in December 2009, Defendant Harkreader attempted to persuade him to drop his grievances."  #12, p. 5.  Plaintiff also alleges in Count II that on February 2, 2010 Defendants Harkreader, Widmar and DeGoyler retaliated against him by using the Prison Rape Elimination Act (PREA) as a pretext to put him in administrative segregation.  #12, p. 5.

Plaintiff filed a timely grievance, #200928896604, alleging that the PREA investigation was a pretext, as was a disciplinary action for attempting to contact his former cell mate.  Exhibit B, p. 22; Exhibit E.  The grievance was rejected as procedurally improper because Plaintiff was attempting to grieve an issue related to a prior grievance, as well as bringing the PREA issue for the first time.  Pursuant to AR 740 may consist "of *one* claim, issue, circumstance or action considered by the inmate to be injurious or unjust, and which is addressable as outlined in this regulation."  Exhibit A, pp. 3, 47 (emphasis added).  Plaintiff did not file a proper grievance regarding the PREA allegation, and therefore abandoned this claim.  Exhibit B, p. 22.[4]

Accordingly, Plaintiff has failed to properly exhaust available administrative remedies for the allegations contained in Count II prior to filing his lawsuit in federal court.  *See Griffin*, 557

---

[4] Although the prior grievance, #20062899399, was appealed through all levels, it does not exhaust the issue that the PREA investigation itself was retaliatory.  In the grievance, although Plaintiff asserts retaliation, he specifically asserts that the retaliation is in the form a disciplinary action for attempting to contact his former cell mate who was on parole at the time.  Exhibit F.  While this issue is tangential to the PREA investigation, as the former cell mate was involved in the alleged PREA violation, the disciplinary did not address the PREA investigation itself, but only the disciplinary action for improperly attempting to contact an unauthorized person.  Nor did the grievance and subsequent appeal raise the issue.  Exhibit F.  Accordingly, grievance #2006289939 does not provide prison officials with any information which would lead them understand that Plaintiff was alleging the PREA investigation itself was retaliatory and to take appropriate responsive measure if necessary.  *See Griffin*, 557 F. #d at 1120-1121.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

5

1  F.3d at 1119; *McKinney*, 311 F.3d at 1200-1201.  Therefore, the PLRA requires that Count II of Plaintiff's Complaint be dismissed.

### C. Count V

In its screening Order the Court found that "To the extent that plaintiff alleges that defendant Widmar's actions on April 2, 2010, were a continuation of the February 2, 2010 retaliatory act of placing plaintiff in administrative segregation based on investigation of PREA (Prison Rape Elimination Act), plaintiff's retaliation claim against defendant Widmar in Count V may proceed."  #12, p. 7.

For the reasons discussed above, Plaintiff has failed to properly exhaust available administrative remedies for the allegations contained in this Count prior to filing his lawsuit in federal court.  See *Griffin*, 557 F.3d at 1119; *McKinney*, 311 F.3d at 1200-1201.  Therefore, the PLRA requires that Count V of Plaintiff's Complaint be dismissed.

## V. CONCLUSION

Based upon the foregoing, Defendants respectfully submit that their Motion to Dismiss should be granted, Count I of Plaintiff's Complaint must be partially dismissed and Counts II and V must be dismissed in their entirety for failure to comply with the exhaustion requirement of the PLRA.

Dated this 28th day of July, 2011.

CATHERINE CORTEZ MASTO  
Attorney General

By: _____  
SUSAN E. LEE  
Deputy Attorney General  
Bureau of Litigation

*Attorneys for Defendants*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 28th day of July, 2011 I have caused a copy of the foregoing **MOTION TO DISMISS** to be served, by mailing a true copy to:

NICHOLAS V. MAESTAS #75777
LOVELOCK CORRECTIONAL CENTER
1200 PRISON ROAD
LOVELOCK NV  89419

*N. Wilson*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

7