**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| NICHOLAS MAESTAS, | ) | 3:10-cv-00585-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ROBERT LEGRAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (#37) filed on December 9, 2011, in which the magistrate judge recommends that this court enter an order granting the defendants' partial motion to dismiss (#22). Plaintiff has filed objections to the report and recommendation (#39), defendants have responded (#41), and plaintiff has replied (#44).[1]

---

[1] Although the plaintiff's reply is not authorized by the local rules, the court will nonetheless consider it as it contains evidence that should have been presented in connection with defendants' motion to dismiss.

1

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby adopts and accepts in part and declines to adopt in part the report and recommendation of the United States Magistrate Judge (#37).

The court hereby adopts the magistrate judge's recommendation that Count I of plaintiff's complaint be dismissed for failure to exhaust.

In response to plaintiff's objections, the court notes the following. Plaintiff asserts that he did not exhaust grievance 2006-28-89320 (hereinafter "Grievance 89320") out of fear of retaliation.[2] The Ninth Circuit has recognized an exception to the exhaustion requirement where the grievance process is "effectively unavailable." *See Nunez v. Duncan*, 591 F.3d 1217, 1223-24 (9th Cir. 2010). While it has yet to explicitly recognize threatened retaliation as such an exception, it has cited with approval two cases that have. *Id.* at 1224 (citing *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) and *Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). In *Turner*, the Eleventh Circuit held:

> [A] prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a

---

[2] Plaintiff states that he abandoned Grievance 89320 before exhausting it. Thus, plaintiff has conceded that he did not exhaust Grievance 89320.

2

>particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

Even assuming the Ninth Circuit would adopt this rule, however, the required conditions have not been met here. Plaintiff has not asserted or shown that defendant Bennett or anyone else issued a serious threat of substantial retaliation to prevent plaintiff from filing grievances. Instead, plaintiff merely asserts that after filing a grievance against defendant Bennett, defendants DeGoyler, Harkreader, and Widmer engaged in retaliatory acts or statements against him. While defendant Harkreader allegedly told plaintiff that he should drop his grievances, this is not, without more, a serious threat of substantial retaliation. Nor has plaintiff shown that the threat actually deterred him from lodging grievances or pursuing a particular part of the process. In fact, one week after withdrawing the grievance against Bennett out of an alleged fear of retaliation, plaintiff filed a grievance against the very people he asserts had threatened the retaliation: defendants DeGoyler, Harkreader, and Widmer. Accordingly, the court finds that even if threatened retaliation is an exception to the exhaustion requirement, the exception does not apply in this case. *See Stacy v. Clark*, 2010 WL 4791793, at *5 (D. Or. 2010) (concluding that the exception did not apply because "[t]hreats and retaliation stopped the inmates in *Turner* and *Kaba* from completing, or even starting, the grievance process" but "[h]ere threats and retaliation did not stop [plaintiff] from filing grievances against the people threatening him"). Because plaintiff failed to exhaust his claim that defendant Bennett retaliated against him by interfering with

3

his package and no exception applies to excuse the failure, that part of Count I asserting such claim must be dismissed.[3]

The court declines to adopt the magistrate judge's report and recommendation regarding Counts II and V. Relevant to those counts, plaintiff filed grievance 2006-28-96604 (hereinafter "Grievance 96604") asserting, in part, that defendants retaliated against him by initiating and continuing a prison rape investigation ("PREA investigation"), which resulted in his placement in administrative segregation. In his objections, plaintiff argues: (1) that although he did not exhaust Grievance 96604, he was precluded from doing so by prison officials and therefore an exception to the exhaustion requirement applies; and (2) that another grievance, 2006-28-99121 (hereinafter "Grievance 99121") effectively exhausted his claims regarding the PREA retaliation.

Exhaustion is not required where an inmate took reasonable and appropriate steps to exhaust his or her claim but was "precluded from exhausting, not through his own fault, but by [a prison official's] mistake." *Nunez*, 591 F.3d at 1224. In addition, "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp*, 623 F.3d at 823 (9th Cir. 2010).

---

[3] The magistrate judge concluded, and defendants have argued, another basis for finding Grievance 89320 insufficient to exhaust plaintiff's claim: the grievance did not allege retaliation or provide any facts to suggest such a claim. (*See* Report & Recommendation dated Dec. 9, 2011, at 7; Def. Resp. to Pl. Objs at 2:6-8). However, Grievance 89320, attached to plaintiff's unauthorized reply, clearly alleges retaliation. (*See* Doc. #44, Ex. G). The court therefore declines to adopt this conclusion of the report and recommendation.

4

To fall within the second exception, "an inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

Grievance 96604 was rejected twice at the first level by Tara Carpenter, who stated that its allegations had already been or should have been raised in plaintiff's disciplinary appeal 2006-28-96399 (hereinafter "Grievance 96399"). Grievance 96399 appealed plaintiff's finding of guilt on charges that he had attempted a three-way phone call with an unauthorized person. While Grievance 96399 mentioned the "retaliatory PREA investigation" in passing, such was not the focus of the appeal; rather, the grievance dealt only with the disciplinary charges of which plaintiff had been found guilty. In fact, defendants themselves have asserted that Grievance 96399 did not sufficiently grieve plaintiff's claims regarding the PREA investigation. (*See* Def. Mot. to Dismiss at 5 n.4).

Because Grievance 96399 did not sufficiently assert plaintiff's PREA retaliation claim, Carpenter's rejection of Grievance 96604 as duplicative was improper. Carpenter's rejection of Grievance 96604 because its allegations should have been included in Grievance 96399 likewise appears improper. Defendants have cited no regulation or rule that required plaintiff to raise his PREA retaliation claim in the context of his disciplinary appeal on separate charges, and the court can find none. Failure

5

to exhaust is an affirmative defense and defendants have failed to carry their burden in this regard. Therefore, because Grievance 96604 was improperly screened[4] and would have served to exhaust such claim of it had been pursued through the entire administrative process, the court must conclude that exhaustion of plaintiff's PREA retaliation claim was not required. Accordingly, defendants' motion to dismiss Counts II and V must be denied and plaintiff's claims thereunder may proceed.[5]

Because the court so concludes, it need not and does not reach plaintiff's contention that Grievance 99121 served to exhaust Grievance 96604.

/
/
/
/
/

---

[4] Although defendants now contend that Grievance 96604 was procedurally improper because it grieved more than one issue in violation of AR 740, this was not the reason given by Carpenter. In *Sapp*, the Ninth Circuit examined whether the reasons given for rejection were proper, not whether any proper basis existed for such. *See Sapp*, 623 F.3d at 825-26. Thus, even assuming a proper basis existed for rejecting Grievance 96604, no proper basis was given, thus excusing plaintiff from his obligation to exhaust Grievance 96604.

[5] Plaintiff asserts a different basis for excusing his failure to exhaust: that Carpenter's mistaken reasons for rejecting Grievance 96604 led him to believe that he could not exhaust his PREA retaliation claim anywhere, thereby precluding him from properly exhausting. While Carpenter's erroneous reasons might have mislead an inmate trying to exhaust his claims, such did not happen here. Although plaintiff asserts that he was misled by Carpenter, he refiled Grievance 96604 as part of Grievance 99121 with the intent that Grievance 99121 would exhaust Grievance 96604. Such intent is clear not only within Grievance 99121 itself, but also in plaintiff's various pleadings filed with this court. It would be inconsistent to conclude that Carpenter's advice misled plaintiff to his detriment where he believed (and continues to believe) that Grievance 99121 could exhaust Grievance 96604.

6

In accordance with the foregoing, the defendant's motion to dismiss that portion of Count I of plaintiff's complaint which alleges defendant Bennett's interference with plaintiff's package is hereby **GRANTED,** and that portion of Count I is hereby **DISMISSED WITHOUT PREJUDICE.** The defendant's motion to dismiss Counts II and V is **DENIED.**

**IT IS SO ORDERED.**

DATED: This 23rd day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE